Chen-Liu v. Sessions

BIA
Wright, IJ
A205 199 737

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand seventeen.

PRESENT:
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                    *Circuit Judges.*
_____

YUN XIAN CHEN-LIU,
        *Petitioner,*

        v.                                          16-2521
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Song Park, Senior
                         Litigation Counsel; Michele Y. F.
                         Sarko, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yun Xian Chen-Liu, a native and citizen of the People's Republic of China, seeks review of a July 14, 2016, decision of the BIA affirming a May 21, 2015, decision of an Immigration Judge ("IJ") denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Xian Chen-Liu,* No. A205 199 737 (B.I.A. July 14, 2016), *aff'g* No. A205 199 737 (Immig. Ct. N.Y. City May 21, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). The agency did not err in finding that Chen-Liu failed to satisfy her burden of proof as to her claim that family planning officials sought to sterilize her and fined her based on her violation of China's

family planning policy with the births of her two children out of wedlock.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97.  In this case, it was reasonable for the agency to require corroboration because the record, including Chen-Liu's testimony, was inconsistent regarding whether she had been sterilized, when she was born, and whether she was injured on her foot or knee during a scuffle with family planning officials.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Chuilu Liu*, 575 F.3d at 196-97.

The agency also did not err in concluding that Chen-Liu failed to provide reasonably available reliable evidence that she has two children born in China.  As an initial matter, the

3

IJ reasonably declined to credit unauthenticated notarial birth certificates for Chen-Liu's children because, as Chen-Liu acknowledged, they were issued after she left China in 2011 and were not based on records of her children's births but rather on information her family members provided to the village planning committee. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely a matter of agency discretion); *Matter of H-L-H-*, 25 I. & N. Dec. 209, 214-16 & n.5 (BIA 2010) (declining to credit village committee notices that were unauthenticated, unsigned, and prepared for purposes of removal proceedings), overruled on other grounds by *Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). The IJ also did not err in giving little weight to an unsworn letter from Chen-Liu's mother because her mother was an interested party who was not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). And the IJ reasonably noted that Chen-Liu could have obtained more reliable evidence that she has two children in China, such as a letter from her ex-boyfriend's sister, with whom her daughter lived for five years and with whom Chen-Liu is in contact, or records (that she admitted were not unobtainable) from the

4

children's schools in China. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Chen-Liu also failed to submit evidence to support her testimony that she had lived in many places while in China. The IJ was not compelled to credit Chen-Liu's explanation that her father's household registration listed her as living in his home the entire time because she was born in his home, given that the registration noted that Chen-Liu's brother had moved away for a period of time. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Finally, Chen-Liu provided no evidence to support her claim that she was injured during a scuffle with family planning officials or that she was fined. She did not explain why she could not have had family members corroborate those aspects of her claim. *See id.*

Accordingly, the agency did not err in finding that Chen-Liu failed to satisfy her burden of demonstrating past

persecution or a well-founded fear of future persecution under the family planning policy. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on Chen-Liu's family planning claim. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).*

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

* Because the IJ denied CAT relief based on Chen-Liu's failure to satisfy the lower burden for asylum, Chen-Liu's challenge to the IJ's denial of asylum necessarily challenged the IJ's denial of CAT relief. Thus, the BIA and the Government are incorrect that Chen-Liu failed to exhaust her CAT claim.